## CIRCUIT COURT OF FAIRFAX COUNTY

Catherine B. Fleming

v.

Ethan H. Simley

April 30, 1998

Case No. (Law) 160676

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on a Motion to Stay and on State Farm's Motion for a Protective Order. On February 20, 1998, the Court heard oral arguments on both motions. The Court granted the Motion to Stay and took the Motion for a Protective Order under advisement to allow both sides to brief the issue. Having now received and reviewed the briefs and the underlying authorities, the Court denies State Farm's motion.

This case is a personal injury action arising from an automobile accident. The Defendant in this action is believed to be uninsured, and State Farm is appearing in this action as the Plaintiff's uninsured motorist carrier. On August 8, 1997, this Court stayed all proceedings in this action pursuant to the Soldiers and Sailors Civil Relief Act, as the defendant is on active duty in the United States Navy. On September 29, 1997, the Court appointed a guardian ad litem for the Defendant and removed the stay on the proceedings. On October 24, 1997, the Court entered a consent order staying the proceedings as the Defendant was out of the country. On February 6, 1998, the Court granted State Farm's motion to lift the stay. Finally, on February 20, 1998, the Court stayed the present proceedings indefinitely. At this hearing, State Farm asked for a protective order relieving it of any obligation to pay the fees of the guardian ad litem.

In determining who should pay the fees for the guardian ad litem, the Court need not look any further than the order that appointed the guardian on September 29, 1997. The order states:

[I]t is hereby adjudged, ordered, and decreed that the cost of the Defendant's guardian/counsel shall be borne by Plaintiff's uninsurance carrier, State Farm ... .

This order was signed by State Farm as "Seen and Agreed." As such, the Court finds that State Farm must pay the guardian's fees as it has already agreed to such an arrangement. For this reason, State Farm's Motion for a Protective Order is denied.

In addition, an argument raised at the hearing was whether or not Legal Ethics Opinion ("LEO") Number 385 is applicable to the case at bar. The Court finds that it is not. Specifically, the LEO provides:

It would be ethically impermissible for an attorney appointed to represent another as guardian ad litem to receive any form of compensation from an attorney representing the adverse party in the case.

LEO 385 (August 20, 1980). This LEO merely states that it would be unethical for the adverse party's *attorney* to pay for the guardian ad litem's fees. The LEO does not state that it would be unethical for the party to pay the guardian's fees. As such, the Court finds that the LEO does not apply to the issue presently before the Court.

For the above-stated reasons, the Court denies State Farm's Motion for a Protective Order and orders State Farm to pay the guardian's fees.